UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SCOTT NJOS,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>NORWOOD, et al.,<br><br>　　　　　Defendants. | No. ED CV 10-1265-GAF (PLA)<br><br>**ORDER ADOPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE** |

## INTRODUCTION

On October 18, 2012, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that defendants' motions to dismiss be granted and that judgment be entered dismissing this action without prejudice for failure to exhaust administrative remedies. Thereafter, on November 13, 2012, plaintiff filed his "Written Statement of Objections" to the Report and Recommendation.

## DISCUSSION

Plaintiff appears to raise two objections to the Report and Recommendation: (1) plaintiff has produced "irrefutable evidence" of the injuries he sustained when he was stabbed, and his allegations in his pleadings that he was "frustrated and impeded" in attempting to exhaust should

be construed in the light most favorable to plaintiff and weighed against defendants' contention that he failed to exhaust his administrative remedies; and (2) the Magistrate Judge improperly rejected his proposed Second Amended Complaint ("SAC"), which plaintiff contends must be considered to be the "controlling document" in deciding the motions to dismiss.

With respect to plaintiff's second objection, the Magistrate Judge informed plaintiff in a Minute Order on July 9, 2012, that he would consider plaintiff's proposed SAC and the attachments thereto as well as plaintiff's Motion as plaintiff's Opposition to defendants' motions to dismiss. In addition, as set forth in the R&R, the Magistrate Judge looked to the proposed SAC for plaintiff's factual allegations in deciding whether plaintiff had exhausted his administrative remedies for the claims that he raised herein. (See R&R at 13-15). Accordingly, the SAC has in effect been considered as the operative pleading herein for purposes of deciding the motions to dismiss.

With respect to plaintiff's first objection, as set forth in the R&R, exhaustion of available administrative remedies prior to bringing a federal civil rights suit is mandatory for all inmates. See, e.g., Jones v. Bock, 549 U.S. 199, 211, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Although defendants have the burden of raising and proving plaintiff's failure to exhaust (see Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003)), that burden is "very low." See Albino v. Baca, 697 F.3d 1023 (9th Cir. 2012). Further, "once the defense meets its burden, the burden shifts to the plaintiff to show that the administrative remedies were unavailable." See Albino. In this case, defendants have met their burden. It was then incumbent on plaintiff to show that he had exhausted the remedies that were available to him. The "irrefutable evidence" that plaintiff points to in his Objections pertains to the existence of his injuries, which goes to the merits of his underlying claims. Plaintiff raises no new arguments or references any evidence in his Objections that has not already been considered. Plaintiff does not even purport to refute the Magistrate Judge's finding that he failed to set forth any facts or adduce any evidence to support that he made a reasonable good faith effort to complete the available administrative remedies. See, e.g., Woodford v. Ngo, 548 U.S. 81, 88, 90, 126 S. Ct.

2378, 165 L. Ed. 2d 368 (2006) (holding hat a prisoner "must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court"); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) ("[Nunez] took reasonable and appropriate steps to exhaust his Fourth Amendment claim and was precluded from exhausting "). Even construing liberally the allegations in both the FAC and the SAC that pertain to the issue of exhaustion, plaintiff has failed to meet his burden of showing that no remedies were available to him.

Accordingly, after full consideration of the arguments and allegations in plaintiff's Objections, the Court concludes as follows:

## CONCLUSION

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Magistrate Judge's Report and Recommendation, and plaintiff's Objections thereto. The Court agrees with the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is adopted.
2. Defendants' motions to dismiss are granted.
3. Judgment shall be entered consistent with this order.
4. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: November 30, 2012

HONORABLE GARY A. FEESS
UNITED STATES DISTRICT JUDGE